UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JOHN BROOKS and TAMARA BROOKS, <br><br> Plaintiffs, <br><br> v. <br><br> C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., <br><br> Defendants. | Case No. <br> 5:19-cv-360-JMH-MAS <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*

Plaintiffs John Brooks and Tamara Brooks, through counsel, filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). [DE 19]. For the reasons below, the Court will grant the motion and dismiss this action with prejudice pursuant to Rule 41(a)(2).

Plaintiffs filed their complaint against C.R. Bard, Inc., and Bard Peripheral Vascular, Inc., (together, "Bard") on January 17, 2018. [DE 1]. The Court entered a scheduling order [DE 12] on November 19, 2019, which set the deadline for fact discovery as June 8, 2020, and the deadline to file dispositive motions and motions in limine as November 9, 2020. [*Id*. at 2-3]. The scheduling order also set a final pretrial conference for January 11, 2021, and a jury trial for February 23, 2021. [*Id*. at 9]. On September 9, 2020, Plaintiffs filed a suggestion of death [DE 16], notifying the Court and parties that John Brooks died on September 3, 2020.

[DE 16]. On November 9, 2020, Bard filed both a motion in limine [DE 17] and a motion for summary judgment [DE 18].

Instead of filing a response to either motion, on November 30, 2020, Plaintiffs filed a motion to dismiss under Federal Rule of Civil Procedure 41(a)(2). [DE 19]. Plaintiffs' motion requests an order from this Court dismissing the action under Rule 41(a)(2) and further explains that the Plaintiffs will not respond to Bard's motion for summary judgment. [*Id*. at 1]. Plaintiffs also explain that they will not file a motion seeking to revive their claims after the suggestion of death, as required by Federal Rule of Civil Procedure 25, and that, in any case, the deadline to do so would pass on December 3, 2020. [*Id*.].

Under Rule 41(a)(2), the plaintiff may obtain dismissal of an action after an answer or summary judgment motion, and if no stipulation of dismissal is obtained, only by court order and on terms the court considers proper. Whether voluntary dismissal should be granted under that rule "is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). However, "[t]he primary purpose of Rule 41(a)(2)'s requirement of a court order is to protect the nonmovant from unfair treatment." *Walther v. Florida Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (citing *Grover*, 33 F.3d at 718). As such, generally an "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a

2

result of a dismissal without prejudice, as opposed to the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S. Ct. 752, 91 L. Ed. 849 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). In determining whether a defendant will suffer plain legal prejudice, the district court considers "such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citing *Kovalic*, 855 F.2d at 474).

Although Plaintiffs do not specify whether they seek dismissal with or without prejudice, the Court finds that the non-moving parties, Bard, would suffer clear legal prejudice from a dismissal without prejudice. First, it is clear to the Court that Bard's effort in defending this action and expenses incurred in preparation for trial are likely considerable. Bard, after concluding formal discovery, filed both a motion in limine and a motion to dismiss. [DE 17; DE 18]. Second, while the Court finds no reason to believe Plaintiffs excessively delayed or lacked diligence in prosecuting this action, their motion to dismiss comes after the deadline for dispositive motions and with less than two months before the final pretrial conference on January 11, 2020.

3

Third, Plaintiffs have provided a sufficient explanation for seeking dismissal, as they no longer wish to pursue this case after the death of John Brooks. And finally, Bard has timely filed a motion for summary judgment [DE 19]. As such, the Court finds that, on balance, the *Grover* factors weigh in favor of dismissing this action with prejudice pursuant to Rule 41(a)(2).

Accordingly, **IT IS ORDERED** as follows:

1) Plaintiffs John and Tamara Brooks's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) [DE 19] is **GRANTED**;

2) All claims against the Defendants in this case are **DISMISSED WITH PREJUDICE**;

3) The parties shall bear their own costs and fees;

4) All other pending motions are **DENIED AS MOOT**; and

5) The Clerk shall **STRIKE THIS MATTER FROM THE COURT'S ACTIVE DOCKET**.

This the 28th day of December, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge